UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARCIANO JOSEPH CHINAPPI,

       Plaintiff,

**JURY TRIAL DEMANDED**

v.

CARDNO, INC., a foreign for-profit corporation,

       Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MARCIANO JOSEPH CHINAPPI, ("CHINAPPI"), by and through his undersigned attorney, files this, his Complaint for Damages, against Defendant, CARDNO, INC. a foreign for-profit corporation, and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.*

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, CARDNO, INC. was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendant operated an infrastructure and environmental services company. Plaintiff, CHINAPPI's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant' business, and moved in interstate commerce.

4. The Defendant had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendant is subject to the jurisdiction of this Court because it engages in substantial and not isolated activity within the Southern District of Florida.

6. The Defendant is also subject to the jurisdiction of this Court because it operates, conducts, engages in, and/or carries on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida, and,

   b. Defendant is and continues to be a corporation doing business within this judicial district.

   c. Defendant employed Plaintiff in the Southern District of Florida.

## PARTIES

8. At all times material hereto, Plaintiff, CHINAPPI was and continues to be a resident of Coral Springs, Broward County, Florida and was an "employee" of the Defendant within the meaning of the FLSA.

9. At all times material hereto, Defendant, CARDNO, INC. was conducting business in Fort Lauderdale, Broward County, Florida.

10. At all times material hereto, Defendant, CARDNO, INC. was the "employer" of Plaintiff, CHINAPPI, within the meaning of the FLSA.

11. At all times material hereto, Defendant knowingly and willfully failed to pay Plaintiff, CHINAPPI his lawfully earned wages in conformance with the FLSA.

12. Defendant committed a willful and unlawful violation of the FLSA and, therefore, is liable for monetary damages.

13. At all times material hereto, the corporate Defendant, CARDNO, INC., was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all times material hereto, the work performed by Plaintiff, CHINAPPI, was directly essential to the business performed by Defendant.

15. Plaintiff, CHINAPPI, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

16. On or about September 15, 2013, Plaintiff, CHINAPPI was hired by the Defendant a surveyor at the Defendant's infrastructure and environmental services company.  Plaintiff's employment terminated on or about October 15, 2013.  Plaintiff was then re-hired as a surveyor at the Defendant's company on November 1, 2013 and his employment terminated or about February 24, 2016.

17. Defendant paid Plaintiff an hourly wage of $22.00 per hour during the periods of about September 15, 2013 to about October 15, 2013, and later, from about November 1, 2013 to about August 14, 2015 (hereinafter, the "Liability Period").

18. Throughout the Liability Period, CHINAPPI worked over forty (40) hours per week.

19. Throughout the Liability Period, CHINAPPI worked overtime (hours in excess of 40 in a workweek) for which he did not receive compensation at the rate of time and one-half. The Defendant required Plaintiff to work "off the clock" and did not pay him all lawfully due overtime for hours worked pre-shift, in the mornings.

20. In addition, during the Liability Period, the Defendant deducted for meal breaks taken by the Plaintiff, however, Plaintiff was required to engage in work during many of those breaks.

21. Defendant knowingly and willfully operated its business with a policy of not paying the overtime rate of time and one-half for hours worked in excess of the maximum hours provided by the FLSA, to the Plaintiff.

22. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

23. Plaintiff realleges Paragraphs 1 through 22 as if fully stated herein.

24. Throughout the Liability Period, CHINAPPI worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

25. During the Liability Period, Plaintiff, CHINAPPI, was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

26. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by CHINAPPI in excess of the maximum hours provided for in the FLSA.

27. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff, CHINAPPI, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

28. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, CHINAPPI, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

29. Defendant failed to properly disclose or apprise Plaintiff, CHINAPPI, of his rights under the FLSA.

30. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff, CHINAPPI, is entitled to liquidated damages pursuant to the FLSA.

31. Due to the intentional, willful and malicious acts of the Defendant, Plaintiff, CHINAPPI, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

32. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, CHINAPPI, respectfully requests that judgment be entered in his favor against the Defendant:

   a. Declaring that Defendant violated the maximum hour provisions of 29 U.S.C. § 207;

   b. Awarding Plaintiff overtime compensation in the amount calculated;

   c. Awarding Plaintiff liquidated damages in the amount calculated;

   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding Plaintiff post-judgment interest; and

   f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:  April 14, 2016.

>                    Respectfully submitted,
>
>                    BOBER & BOBER, P.A.
>                    Attorneys for Plaintiff
>                    1930 Tyler Street
>                    Hollywood, FL 33020
>                    Phone: (954) 922-2298
>                    Fax: (954) 922-5455

peter@boberlaw.com
samara@boberlaw.com

By: s/. Peter Bober
    PETER BOBER
    FBN: 0122955

BOBER & BOBER, P.A.
1930 Tyler Street ● Hollywood, Florida 33020 ● Phone (954) 922-2298 ● Fax (954) 922-5455